"CASH AND SECURITIES HELD IN TRUST" In interpreting 6 O.S. 1004 [6-1004](A)(2), specifically "cash and securities held in trust", the term "securities" would include all instruments of debt held in trust for the beneficiary of the trust. The exemption for land held in trust as collateral security for monies lent or to be lent would not include note and mortgage instruments held in trust. This is to acknowledge receipt of your letter wherein you request a clarification of 6 O.S. 1004 [6-1004] (1971). Specifically, you ask for a clarification of the term "cash and securities held in trust" for the purposes of determining what the reserve requirements are. Title 6 O.S. 1004 [6-1004](A)(1) (1971) states: "Before any bank or trust company, including national banking associations, shall transact any trust business within this state, it shall deposit with the Commissioner, as security and as a pledge for the faithful performance of its duties as a trust company, cash or interest bearing securities, which securities shall have a ready market value, in an amount regulated by the amount of cash and securities held in trust by the bank or trust companies." Subsection (A) (2) sets out the amount of reserve, and further states: ". . . . The term 'cash and securities held in trust' as employed herein shall not include land held in trust as collateral security for monies lent or to be lent. . . ." The term "cash" is self-explanatory and needs no further ex planation. The problem involved is that of defining "securities" held in trust. The term "securities" is not defined in the Oklahoma Banking Code. However, this term is defined in the Oklahoma Securities Act, 71 O.S. 2 [71-2](20) (1973) and states in part: "Securities means any: " (a) note: " (f) evidence of indebtedness." An example you have given is where a trust company receives, for instance, $100,000.00 in cash to be held in trust and then uses part or all of this $100,000.00 and purchases notes and mortgages from a lending institution. Instruments of debt are considered securities under the Oklahoma Securities Act, 71 O.S. 2 [71-2] (1973), and thus, would be subject to the reserve requirements of 6 O.S. 1004 [6-1004] (1971). As stated in 6 O.S. 1004 [6-1004](a)(2) (1971), "cash and securities held in trust" do not include "land" held in trust as collateral security for monies lent or to be lent. In the opinion of this office, this would be interpreted to mean a situation where title to land is conveyed directly to a trust company to be held in trust for the lender, as distinguished from a situation where a trust company uses trust monies to buy notes and mortgages from a lending institution, and then holds these instruments of debt in trust for the beneficiary of the trust. The trust company would merely be holding a mortgage on the land and not the land itself. In other words, the mortgage is merely a lien on the land and not actual title to the land. One reason for excluding "lands held in trust" from this pledge requirement may have been that it would be somewhat difficult for the trust company to dispose of the land held in trust, to the detriment of the lender and/or borrower, due to the protection of the recording procedures under Oklahoma law; on the other hand, it would be much easier for the trust company to dispose of any cash or securities held by the trust company. It is, therefore, the opinion of the Attorney General that your question be answered as follows: In interpreting 6 O.S. 1004 [6-1004](a)(2), specifically "cash and securities held in trust", for the term "securities" would include all instruments of debt held in trust for the beneficiary of the trust. The exemption for land held in trust as collateral security for monies lent or to be lent would not include note and mortgage instruments held in trust. (Todd Markum)